IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACK HORSE CARRIERS, INC.; and JOROME TIMS and ISAAC WATSON individually and on behalf of others similarly situated,<br><br>    Defendants. | Case No. 1:23-cv-17061<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Black Horse Carriers LLC f/k/a Black Horse Carriers, Inc. ("Black Horse"), incorrectly sued as "Black Horse Carriers, Inc.," removes this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. Removal is proper on the following grounds:

    1.    On September 6, 2023, Plaintiff Great West Casualty Company ("Great West") filed a complaint for declaratory relief against Black Horse and nominal party defendants Jorome Tims and Isaac Watson, individually and on behalf of all others similarly situated, in the Circuit Court of Cook County, Illinois, Case No. 2023CH07977 ("State Court Action"). Attached as Exhibit 1 is a true and correct copy of Great West's complaint for declaratory relief.

    2.    In the complaint for declaratory relief, Great West seeks a declaration that it has no duty to defend or indemnify Black Horse under certain commercial general liability policies, workers compensation policies, and commercial auto policies with respect to an underlying class action lawsuit captioned *Jorome Tims and Isaac Watson v. Black Horse Carriers Inc.*, Circuit Court of Cook County, Illinois, Case No. 2019 CH 03522. (Exhibit 1, ¶¶ 1-2.)

3. On October 4, 2023, the court in the *Tims* lawsuit entered a final approval order and final judgment granting final approval of the Settlement Agreement and Release. Attached as Exhibit 2 is a true and correct copy of the final approval order and final judgment.

4. The court approved Settlement Fund for the *Tims* lawsuit is $803,000.00. (Exhibit 2, ¶ 3.)

5. Great West has not yet filed any request for the issuance of a summons in the State Court Action or otherwise formally served Black Horse, Tims, or Watson with process in the State Court Action. A true and correct copy of the current docket sheet from the State Court Action is attached as Exhibit 3.

6. As alleged in the complaint for declaratory relief, Great West is an insurance company and corporation organized under the laws of the state of Nebraska with its principal place of business in the state of Nebraska. (Exhibit 1, ¶ 3.)

7. On December 17, 2020, "Black Horse Carriers, Inc." was converted to a limited liability company; Black Horse Carriers LLC is a limited liability company organized under the laws of the state of Illinois with its principal place of business in the state of Pennsylvania.

    a. Black Horse's sole member is Penske Logistics LLC, which is a limited liability company organized under the laws of the state of Delaware with its principal place of business in the state of Pennsylvania.

    b. Penske Logistics LLC's sole member is Penske Truck Leasing Co., LP, which is a privately owned limited partnership organized under the laws of the state of Delaware with its principal place of business in the state of Pennsylvania.

    c.    Penske Truck Leasing Co., LP's sole general partner is PTL GP, LLC, which is a limited liability company organized under the laws of the state of Delaware with its principal place of business in the state of Pennsylvania.

    d.    PTL GP, LLC's sole member is LJ VP Holdings, LLC, which is a limited liability company organized under the laws of the state of Delaware with its principal place of business in the state of Pennsylvania.

    e.    LJ VP Holdings, LLC's sole member is Penske Truck Leasing Corporation, which is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of Pennsylvania.

    f.    Penske Truck Leasing Co., LP's three limited partners are: (1) Penske Truck Leasing Corporation; (2) Penske Automotive Group, Inc., which is a publicly traded corporation organized under the laws of the state of Delaware with its principal place of business in the state of Michigan; and (3) MBK USA Commercial Vehicles, Inc., which is a corporation organized under the laws of the state of Delaware with its principal place of business in Japan.

Thus, for purposes of diversity jurisdiction, Black Horse Carriers LLC is not a citizen of Illinois or a citizen of Nebraska. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("conclud[ing] that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members").

8. As alleged by Great West, Tims and Watson are both Illinois citizens and "nominal party defendants." (Exhibit 1, ¶ 5) Because Tims and Watson are nominal party defendants against whom no relief is requested and who have not been served with formal process, even if they are both Illinois citizens, their presence does not preclude removal under the forum defendant rule in 28 U.S.C. § 1441(b)(2).[1] *See, e.g.*, *Jimenez v. Kiefer*, 622 F. Supp. 3d 720, 723 (N.D. Ill. 2022) (citing *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 631 (7th Cir. 2013)).

9. Accordingly, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Great West and Black Horse, and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Exhibit 1, ¶¶ 1-3, 5; Exhibit 2, ¶ 3.)

10. This notice of removal is timely under 28 U.S.C. § 1446(b) because neither "Black Horse Carriers, Inc." nor Black Horse Carriers LLC has been formally served with process in the State Court Action (Exhibit 3) and neither has otherwise waived or accepted service such that the thirty-day removal period has not yet commenced or expired. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999) ("hold[ing] that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

---

[1] Section 1441(b)(2) provides "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Likewise, because Tims and Watson have not been served and are nominal party defendants, their consent to removal is not required. *See* 28 U.S.C.S. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *Jimenez v. Kiefer*, 622 F. Supp. 3d 720, 723 (N.D. Ill. 2022) ("removal statute does not require the consent of a nominal defendant").

11. Pursuant to 28 U.S.C. § 1446(d), this notice of removal will be served upon Great West and filed promptly in the State Court Action.

12. Pursuant to 28 U.S.C. § 1446(a), Black Horse is filing contemporaneously herewith a current docket sheet from the State Court Action and a copy of all the pleadings and papers filed with the state court. *See* Exhibits 1, 3, 4.

WHEREFORE, Black Horse removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Dated this 22nd day of December, 2023.

                          BLACK HORSE CARRIERS LLC f/k/a Black Horse Carriers, Inc., incorrectly sued as "Black Horse Carriers, Inc."

                          */s/ Scott D. Hofer*
Scott D. Hofer #6220152
Justin A. Borawski #6288030
2400 Pershing Road, Suite 500
Kansas City, MO 64108
(816) 471-2121
(816) 472-0288 (fax)
shofer@bakersterchi.com
justin.borawski@bakersterchi.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed with the Court using this Court's ECF filing system on December 22, 2023, and a copy of the foregoing was served by email to:

Danny L. Worker
Siobhán M. Murphy
Vincent P. Tomkiewicz
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
dan.worker@lewisbrisbois.com
siobhan.murphy@lewisbrisbois.com
vincent.tomkiewicz@lewisbrisbois.com

                          */s/ Scott D. Hofer*