UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, | |
| Plaintiff, | No. 23 CV 17061 |
| v. | Judge Thomas M. Durkin |
| BLACK HORSE CARRIERS, INC; JOROME TIMS and ISAAC WATSON, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Following removal to federal court by Defendant Black Horse Carriers, Inc. ("Black Horse"), Plaintiff Great West Casualty Company ("Great West") now moves to remand back to state court. Oral argument was held on March 22, 2024. For the reasons stated below, Great West's motion to remand (R. 13) is denied.

**Background**

In 2019, former Black Horse employees Jerome Tims and Isaac Watson filed a class action lawsuit against Black Horse in the Circuit Court of Cook County, Illinois, Case No. 19 CH 3522 (the "Tims Lawsuit"). R. 10-2. Tims and Watson alleged that Black Horse required fingerprint scans as a condition of employment and that Black Horse retained their fingerprint data in violation of the Illinois Biometric Information Privacy Act. *Id.* ¶¶ 43, 70–97. On behalf of the class, Tims and Watson entered a settlement agreement with Black Horse, R. 10-3, which the Circuit Court of Cook County approved on October 4, 2023, R. 10-4.

In September 2023, Great West filed this case in the Circuit Court of Cook County, Illinois, Case No. 23 CH 7977. R. 1-1 (the complaint). Great West named Black Horse as a defendant and joined Tims and Watson as "nominal defendants." *Id.* at p. 807, ¶¶ 4–5. Great West sought a declaratory judgment that it has "no duty to defend or indemnify Black Horse for any judgment, verdict or settlement" in connection with the Tims Lawsuit. *Id.* at p. 820.

In December 2023, Black Horse removed this case to federal court on diversity grounds. R. 1. Black Horse removed the case before Great West formally served Black Horse, Tims, or Watson. *Id.* ¶ 5. After removal, Black Horse answered the complaint and raised counterclaims. R. 10. In the counterclaims, Black Horse identified a related lawsuit (the "Reed Lawsuit"), Case No. 23 CV 2074, filed in the Northern District of Illinois in April 2023 by former Black Horse employees Cordell Reed, Kyle Bond, Kevin Brown, Frederick Easter, Rahsaan Easter, and Brandon Winfield (the "Reed Employees"). R. 10-6. The Reed Lawsuit arises from the same facts as the Tims Lawsuit and the Reed Employees requested to be excluded from the Tims Lawsuit settlement class. *Id.* ¶ 47 n. 11. The Reed Lawsuit has not been resolved. *See* R. 10 at p. 14, ¶ 18. Great West contends that it did not name the Reed Employees as parties in this case because it was not aware of them until Black Horse filed its answer. R. 26 at p. 5. Black Horse confirms that "because Great West denied Black Horse's requests for coverage for the [Tims Lawsuit] . . . Black Horse did not separately report the [Reed Lawsuit] to Great West." R. 10 at pp. 15–16, ¶ 27. Great West anticipates bringing an amended complaint that names the Reed Employees. R. 26 at p. 5.

Great West now moves to remand. R. 13. The sole issue before the Court is whether the "forum defendant rule" precludes removal and requires remand. *See* R. 26.[1] Relevant to this analysis, Black Horse is not a citizen of Illinois. R. 1 at p. 3. Tims and Watson are citizens of Illinois. R. 1-1 at p. 807, ¶ 5. And the Reed Employees are also citizens of Illinois. R. 10-6 ¶ 2.

## Discussion

A defendant removing a case on diversity grounds "must not only demonstrate that the case satisfies the requirements of 28 U.S.C. § 1332(a), but must also clear the additional hurdle of 28 U.S.C. § 1441(b)(2)," which is known as the "forum defendant rule." *Morris v. Nuzzo*, 718 F.3d 660, 664–65 (7th Cir. 2013) (internal citations omitted).[2] The forum defendant rule provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

---

[1] In addition to raising the forum defendant rule, Great West argued in its motion to remand that Black Horse's allegations of citizenship in the notice of removal were incomplete and thus Black Horse failed to establish federal diversity jurisdiction. *See* R. 14 at pp. 4–7. In its reply brief, however, Great West conceded that Black Horse sufficiently alleged citizenship. *See* R. 26 at p. 2.

[2] There is no dispute that this case meets the requirements of 28 U.S.C. § 1332(a). The amount in controversy is over $75,000. R. 1 ¶ 4 (amount over $800,000). And there is complete diversity of citizenship. *See McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (internal citations omitted) (Complete diversity means that "no plaintiff may be a citizen of the same state as any defendant."). Great West is a citizen of Nebraska, *see* R. 1-1 at p. 807, ¶ 3, and the defendants are not. *See* R. 1 at p. 3 (Black Horse is not a citizen of Nebraska.); R. 1-1 at p. 807, ¶ 5 (Tims and Watson are citizens of Illinois.).

28 U.S.C. § 1441(b)(2). The rule is designed to preserve plaintiffs' choices of forum and "disallows federal removal premised on diversity in cases where the primary rationale for diversity jurisdiction—to protect defendants against presumed bias of local courts—is not a concern because at least one defendant is a citizen of the forum state." *Morris*, 718 F.3d at 665. Great West argues that because Tims, Watson and the Reed Employees are all citizens of Illinois, removal was improper under the forum defendant rule. This argument fails for two reasons. First, Tims and Watson are not "parties in interest." And second, the Reed Employees are not defendants.

I. **Tims and Watson**

Black Horse removed this case before Tims and Watson had been served. Pre-service removal is often referred to as "snap removal" because it involves quickly filing for removal before service can be made. *Norwegian Air Shuttle ASA v. Boeing Co.*, 530 F. Supp. 3d 764, 767 (N.D. Ill. 2021). District courts within this circuit are divided on whether the forum defendant rule bars pre-service removal to federal court based on diversity jurisdiction. *See West Bend Mut. Ins. Co. v. MSPPR, LLC*, 2021 WL 463259, at *2 (N.D. Ill. Feb. 9, 2021) (collecting cases). Some courts follow a plain language approach and have held that the "properly joined and served" language in the statute means that the forum defendant rule is not triggered by the presence of an in-state defendant who has not yet been served. *See, e.g., Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 754 (N.D. Ill. 2020) ("The plain meaning of the governing statute leaves no wiggle room: removal is barred only when any "properly joined and served" defendant is a forum citizen."). Other courts follow a purpose

4

approach and have held that held that pre-service removal "frustrate[s] the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy." *In re Testosterone Replacement Therapy Prod. Liab. Litig.*, 67 F. Supp. 3d 952, 960 (N.D. Ill. 2014) (internal citations omitted). The Seventh Circuit has not yet resolved this split. *See West Bend Mut. Ins. Co.*, 2021 WL 463259, at *2. The Court need not reach the issue of snap removal, however, because even if Tims and Watson had been "properly joined and served" prior to removal, they are still not "parties in interest" as required by the forum defendant rule.

To be a party in interest under the forum defendant rule, the defendant must be "more than just a nominal or formal party" to the lawsuit. *See GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 631 (7th Cir. 2013). "A nominal defendant is not a real party in interest" when "[the defendant's] relation to the suit is merely incidental and it is of no moment [to the defendant] whether the one or the other side in the controversy succeeds." *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (internal quotation omitted).

Tims and Watson are not parties of interest. Whether Great West or Black Horse succeeds is of no moment to Tims and Watson—the Circuit Court of Cook County has already approved a settlement fund for the Tims Lawsuit and Tims and Watson will receive the same payout regardless of whether Great West or Black Horse pays. *See, e.g., Flashner Med. P'ship v. Mktg. Mgmt., Inc.*, 545 N.E.2d 177, 183 (Ill. App. 1989) (recognizing that when "a claimant has entered into a settlement

5

agreement with the insured, its interest is no longer substantial and it is not a necessary party to a declaratory judgment action brought by the insurer to determine coverage"). When filing this lawsuit, Great West even named Tims and Watson as "nominal defendants." Because Tims and Watson are not parties of interest, the Court need not reach the issue of their citizenship in determining whether the forum defendant rule applies.

## II. The Reed Employees

Great West argues that, unlike Tims and Watson, the Reed Employees are parties of interest because they have "opted-out of the [Tims Lawsuit] and have individually sued Black Horse." R. 26 at p. 5. Great West also argues that the same principles directing against snap removal should bar removal in this case where Great West anticipates filing an amended complaint that names the Reed Employees. R. 26 at pp. 5–8. Great West raised these arguments about the Reed Employees only in its reply brief. *Compare* R. 14 (memorandum of law in support of motion to remand) *with* R. 26 (reply in support of motion to remand). Arguments raised for the first time in a reply brief are waived. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). But even considering these arguments, the motion to remand is still denied because the Reed Employees have not been named as defendants. Great West cites no authority that would support the Court remanding this case based on parties who have not yet been named as defendants. *See* R. 26 at pp. 5–8. Because the Reed Employees are not defendants, the Court need not reach the issue of their citizenship in determining whether the forum defendant rule applies.

**Conclusion**

For the foregoing reasons, Great West's motion to remand (R. 13) is denied. By April 10, 2024, the parties shall file a joint status report. The parties may refer to the format detailed on the Court's website under New and Reassigned Cases.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

DATED: March 27, 2024